Good morning, and may it please the Court, I would like to reserve three minutes for rebuttal. And would you please introduce yourself for the record, please, Counsel? My name is Minadora Vinci. I'm Counsel for the FDIC. The District Court made two fundamental errors. First, it held that even if plaintiffs did not have a perfected lien on the date of the receivership, plaintiffs nevertheless had priority over other creditors of the filled bank. Second, it held in the alternative that even if plaintiffs' unperfected lien lacked priority, plaintiffs could still obtain such priority by perfecting after the day of the receivership. Both of these holdings are wrong and should be reversed. The first holding is wrong because an unperfected lien lacks priority under Nevada law. The Nevada Supreme Court held in Schofield v. Fisher Brothers that compliance with the statutes creating the lien remedy is required before a party is entitled to any benefits occasioned by its existence. Thus, without compliance with the statutory perfection requirements, no benefits, including ---- Counsel, does ---- did Collins lack a lien at all if it failed to perfect it? Yes, Your Honor. So there is no lien in Nevada until it's perfected? Yes, Your Honor. That is our position. What evidence do you have for that? As I was saying, Schofield says that you are not entitled to any benefits created by the lien statute until you perfect. It also held that a lien that was not properly perfected was invalid as a matter  A lien that is invalid as a matter of law is not a lien. Did Schofield involve a contest between two different lien holders? No, Your Honor. It involved a contest between the debtor and the lien holder. But I would say the contest between two different lien holders is an even stronger case than one between the debtor. That would be an easy case then to determine who had perfected first. But that just tells you where you get to stand in line. It doesn't tell you whether you have a lien. So my first question was what should persuade us that a contractor who has substantially performed on his work does not hold a lien until he has perfected it? For example, Your Honor, should another lien holder try to foreclose on the property? We know from Section 239 of the Nevada statute that someone who doesn't have a notice of lien cannot intervene in that proceeding. That would be competition between two different lien holders, each claiming a lien. And then it would be a contest to see which one of them had issued the notice or had perfected first. But here we don't have a competing lien holder. All we have is the mechanic's lien, which they had not yet perfected. The question is, does that mean that they didn't have a lien at all? Because if they had a lien, they just hadn't perfected it. But perfection just gets them priority vis-à-vis another lien holder. There are no other competing lien holders here. No, Your Honor. To have a security interest, you have to be able to go and proceed against a collateral. If you're not able to foreclose against a collateral, you don't have a security interest. Security interest means that the property is there to secure your rights. If you can't even go against a collateral, you can't be said to have a security interest. There's no charge on the property. But, counsel, I'm looking at 108.222. Yes, Your Honor. 108.222 of the statute. And I don't see anything about perfection here. All it says here is a lien claimant has a lien upon the property, any improvements for which the work materials or equipment were furnished or to be furnished, and any construction disbursements account established pursuant to statute for and then all of the work. There's nothing in there about the need to perfect. I mean, the lien attaches, according to this, whenever the work is performed. Your Honor, the word attach is nowhere mentioned there and it's not mentioned anywhere in the Nevada cases. Nevada law does not talk about attachment of real property liens. It's not defined. No benefits are paid. A lien claimant has a lien on the property. Yes. It doesn't say attach. When the lien attach, it just says on what the lien exists. It's on the property and the amount of the lien is for the contract price. And I would say, Your Honor, that Schofield could not have been decided the way it was decided if 222 is interpreted the way you suggested, because if the lien holder had a lien regardless of perfection, then compliance with the statutory prerequisite would not have rendered the lien invalid as a matter of law. In Schofield, the Court would have held he still has a lien. He's just not able to foreclose. But the Court held that the lien was invalid as a matter of law, so there was no lien and that there was no lien. Which case is this? Schofield. And the Court would not have said that the lien holder is not entitled to any benefits absent perfection. And I would like to mention a few other Nevada statutory provisions that show that for that a lien must be perfected for the lien to exist or to be entitled to priority. For example, Section 239 provides that enforcement of the lien requires a notice of lien. Section 243 provides that assignment of the lien requires recordation. Sections 2275 and 237 provide that a lien can be challenged by challenging the notice of lien. It would make little sense for the Nevada legislature to have intended to give unperfected liens priority over other creditors, yet provide those creditors no avenue to challenge those liens, because only a notice of a lien can be challenged. In Section 233, the Nevada legislature equates a notice of lien, that is the recordation with a lien. It states, a notice of lien shall be deemed to have expired as a lien after the last of the six-month period after recordation. And last, Sections 226 and 245 underscore that a lien does not exist prior to recordation. Section, oh, sorry. Section 245 calls a notice that a lien claimant must send after commencement of work. So this is already after work has started. It calls it a notice of a right to lien. By contrast, the notice that is sent after recordation is called a notice of lien. Section 245 thus confirms that a contractor does not have an actual lien on commencement of work. It only has a right to record a lien if not paid. In fact, that section expressly provides that a notice sent after commencement of work must state that it is not a lien, quote, it is not a lien, and that a lien may only be recorded if the contractor is not paid. And the Nevada Supreme Court calls these notices of a right to lien that are sent after commencement of work pre-lien notices. Well, these couldn't be called pre-lien notices if a lien already existed on commencement of work. Do you want to say anything about the bar in the statute, FIRREA statute? FIRREA, yes, Your Honor. It is our position that the district court's second holding is wrong because if plaintiff did not have priority on the date of the receivership, plaintiff cannot improve its position by recording after the date of the receivership. This is so both under the FIRREA statute that we discussed and under the pre-FIRREA principle. As to FIRREA, we're talking about Section 1825b2. As all courts to have addressed the issue have held, Section 1825b2 prohibits the perfection or recordation of a lien. Indeed, even the district court here conceded that 1825 bars post-receivership perfection, yet inexplicably decided to lift that bar and did so non-protonque. Well, if there is a bar under FIRREA to post-receivership perfection, the district court lacks authority to lift that bar. The statute has no exceptions. There is no authority for the district court to basically nullify a prohibition imposed by Congress. In addition, and as we discussed more fully in the brief, the court couldn't do so non-protonque because for a lien under Nevada's 90 days deadline to record a lien, the notice of lien here should have been recorded by the latest on February 12th. I'm not sure. Early February 2008. However, and here it was recorded in November, a few months before in November. But this lawsuit wasn't even started until March of 2008. So it couldn't, the district court could not have non-protonque lifted the bar to three months earlier before the lawsuit had not even started. Counsel, do you want to reserve your remaining time? Sure, Your Honor. Let's hear from the other side. May it please the Court, my name is John McMillan. I represent Collins Development. Your Honors, this is basically a simple case. We have a contractor who agreed to build a branch for Silver State Bank in February of 2008, and unfortunately, the bank was subsequently taken over by the FDIC. The FDIC, thank you. And pursuant to the State Financial Division's requirement. The problem is he didn't perfect his lien until after the takeover. And as we have heard about Schofield or Schofield, whatever the name of the case is, isn't that a problem for you? No, absolutely not. Why? For one, Your Honor, you read the statute. The statute is very clear. A lien claimant has a lien upon the property for improvements that a lien claimant performs. There's a lien. The definition of a lien is statutory rights and a security interest in property or improvements. And that's found in NRS 108.22132. Excuse me, Counsel. What legal rights does somebody have on a mechanics lien that has not been perfected? If it's, for argument's sake, suppose it's never perfected, can they foreclose on the lien? No. And that's exactly the point that Schofield was making is you ultimately can't foreclose if you don't perfect. And so what legal value or what legal rights do you have of a mechanics lien that is not perfected? If you can't foreclose on it, who are you superior to? I'm superior to unsecured creditors. Why? Does I have a security interest that the statute just defined I have, and pursuant to 1821d11, I'm treated differently than all the rest of the creditors subject to whatever the assets are? Well, if that's the case, then what about opposing counsel's arguments that says, well, if that's the way the statute is to be read, that there would be no notice, there's no notice provisions, and is there any way then for somebody to, if there's no notice and no recording of the lien, would there be any way for anyone to dispute the lien if it's never recorded, they'd never have any notice of it, and that's one of counsel's arguments. So if you have a lien that's enforceable, what about those provisions? Well, by virtue of the improvements having occurred, obviously somebody has notice, if you know anything about mechanics liens and anything about construction, that there are some improvements. Now, how would a title insurance company know about the improvements on the land? Well, as you probably know, Judge, they go out and inspect the property before they close the loan, so. How would they know what the timing on all of this was? I mean, this puts them in a really difficult position. The nice thing about perfecting is that it gives you a date certain and gives you a single source that you can go to. It certainly helps keep the line straight when you're trying to figure out who owns property and what rights are. Ultimately, when there's a dispute, that would be correct as to other lien holders, like mortgage, deeds of trust, things like this. The FDIC knows that they have this issue because they stepped into the shoes of the bank, they're into the contract, they breached the contract before they repudiated the contract, and so therefore we have our rights. There's no mystery here as to what was going on on that property because the contract exists, they could see the contract, they knew what it was for. So we're talking about resolving our claim on that property with the FDIC. And 1825d11 says we get a priority in terms of payment because we have a security interest as defined by Nevada law. This is very clear. I mean, there's a whole statutory scheme and there's a whole case law. And Schofield was all about that they denied that lien because it couldn't go forward and do foreclosure. There's another because they didn't comply with the material terms. That's not an issue in terms of how our lien was prepared and that it ultimately was recorded. The lien was prepared properly and recorded. The bottom line is in Schofield it was not prepared properly, therefore it failed as a result of that. In this instance, when was the lien recorded? Where? When? That was in November, is that right? November 12, 2008. And that was after the FDIC had come in? It was after the FDIC took over, but before they had repudiated the contract. And so in this instance, can their lien position be improved by recordation after the FDIC came in? Can their lien? Isn't that what, by recording the lien, aren't they improving their position by recording the lien? Well, in terms of complying with all of the statute, in other words, if we were able to foreclose, the answer would be yes. But we're not saying that we can foreclose. In essence, I guess what we're kind of saying now, because we are a secure party and the fact that Judge Jones went ahead and allowed our lien to remain of record through his non-protunct order is, this is sort of a secured IOU, if you will, versus a receiver's certificate. So if the property is sold, then the lien is satisfied and we're paid, which we're entitled to be paid under the statute. That's all that we're saying. Counsel, you mentioned earlier that the lien was prepared earlier but not perfected until later. What's the evidence that the lien was prepared? Because I prepared it, Your Honor, and we recorded it almost simultaneous with when we – are you talking about the actual formal form that was recorded in Clark County? Well, I'm trying to understand your argument, because you just told us that the lien was prepared, but there's no record evidence of that it was prepared. We don't know about the lien until it was perfected, do we, as a matter of notice? You would, again, Your Honor, by virtue of the fact that work was being performed on the property to improve it with this branch. You said you prepared the lien. What was that? Was that a document of some sort? Yes, Your Honor. What happened to it? It was recorded. What happened to it in the apparently quite a long interval between the time it was prepared and the time it was recorded? Well, if that's the way you understood me, Your Honor, I misspoke to you. All right. The actual formal document that was recorded was probably prepared right around the recordation date of November 8th. Okay. But the work started many months before. Back in March. Correct. Back in March. Right. But your argument is that the lien took effect when the work started. Is that right? That is the statutory argument, Your Honor. Well, we still have to understand that in the context of Schofield. So repeat your argument about Schofield again, because Schofield is probably the key case of this. Actually, I don't believe Schofield has any relevance to this whatsoever, because where that came down to is can you foreclose? Well, we already know we can't foreclose. The law is pretty clear on that. So Schofield dealt with can you ultimately exercise your remedial right under the statute to foreclose? And under Schofield, the court found that that lien was not and did not comply with the statutory requirements of what needs to be in a lien in terms of information conveyed in order for them to foreclose. We're not at that point. This case is are we a secured party for purposes of 1825 D11, which gives us a different priority in terms of payment and not that receiver certificate. That's what this case is about. And I submit to your honors this statute says very clearly a lien is a security interest, and it attaches when we commence construction. And in your views, attach and relate back, are they the same terms? Absolutely. So in this instance, or is it the case that under Nevada that everyone who performs work who would have a claim to a lien, that in essence it's not a claim, you actually have a lien, so that as soon as you do any work and any work such as your client did, then you have a legally enforceable lien? You have a legally enforceable lien. You may not be able to foreclose and recover based on the statute unless you then comply with some other statutory requirements. What would, what advantage would you have to have a lien that had not been perfected? What good does it do you? In terms of just being able to You can't go into court because you can't enforce it. So if you hold the lien, at what point can you use it? But what utility does it have to you if it's unperfected? It starts the rights under the statute. It starts it. So then you do have to ultimately, as Your Honor is probably well aware, you have to file a complaint within a specific period of time and go in then and foreclose on your mechanics lien in order to get paid. Otherwise, at some point in time, the statute says your lien will expire if you don't pursue it. Would that apply, though, under this circumstance where if you perfect a lien, you have a certain period of time under the statute in order to foreclose on your lien? Is that correct? That would be correct, unless it's somehow told for some other reason. Right. And so assuming in this case that it's not told, but under the statute, if you perfect a lien, there's a time limit as to how long you have in order to foreclose on your lien. Is that correct? That is correct, Your Honor. Is that 90 days or 60 days? 60. 60 days. Or 6 months. I beg your pardon. Right. So you have 6 months on a perfected lien in order to foreclose or you lose your all of your lien rights, correct? That would be correct, Your Honor. But is it the case that under a mechanics lien, in your view, from the moment work starts, the amount of time that you would have a legal claim is unlimited because there's no time limit because you haven't perfected? No. What would the time limit then be? There are some other statutory requirements that you must in fact record your lien if you have not been paid within 90 days after secession of last work or 45 days after a certificate of occupancy is filed. And there are a couple of three different requirements. If you don't meet those requirements, too, your lien then may no longer be valid. And so in those instances, your mechanics lien, you have to then, you have to perfect. In other words, you have to record within that time period, the answer would be yes. And so your position is then the mechanics lien begins on day one when the work begins, but you must record your lien. The entire scheme is, as you are perhaps alluding to, is that at some point you have to take some action to do something with your lien. It's not we're going to just leave your lien on there forever, as you somewhat suggest. You are statutorily required to do something about it if you haven't been paid. Of course, a lot of liens don't have to be enforced. They're paid in the normal course of business. And that's a good thing, Your Honor. Counsel, if we thought there was some ambiguity in the Nevada statutes, is there any reason why we shouldn't certify this to the Nevada Supreme Court? Well, I think we're mostly talking, I mean, I didn't know there was an ambiguity in the Nevada statutes. I don't think that priority is an issue here at all. Where I thought maybe our issues were, were under the Federal questions. Probably mainly in the non-protunct aspect. On the non-protunct, any? Well, our argument there, again, Your Honor, is that this lien attached on day one. So, therefore, the non-protunct order was really to relate it back to the day when the lien could have attached. Yes, but the issue, I think, that we hear from the FDIC is that there is no authority to enter a non-protunct order. Well, you know, we kind of looked at the Sharp case and we looked at the Gale Manufacturing versus the FSLIC. And that seems to give us some authorities there that where there's a breach in the FSLIC, which is at 910 Fed Second 574, those were tax liens that were in existence prior to the receiver took over. This Court, in fact, said, what is it, 1821J doesn't apply and the Court can, in fact, apply its equitable powers, i.e., the non-protunct order that Judge Jones issued. Same kind of lien. So I think there is exactly authority for what Judge Jones did. And then also relying on the fact that according to the clear statute, the lien relates back to day one. I mean, literally, I think perhaps as you suggested, I could file a mechanics lien on day one, record it, and every time I got paid, I'd file an amended mechanics lien to for the next work that was performed in the sequence. Doesn't the statute prevent that? Doesn't the statute require that you have to wait 60 days from the date that you were or that you stopped work or that you should have been paid? The answer is correct. And if you're not paid, then you could file your mechanics. So you can't file it while you're still working. Not day one, no. Right. You have to wait. The statute addresses that issue and, in fact, requires you to wait 60 days until either you haven't been paid or you stopped work. That's correct. Isn't that what 108245 is for, the notice of right to lien? Well, but that would apply in residential. We're a commercial project, and we really aren't required to give that notice. Where is that limited to residential? I think that's 226 sub 7. Who was added by the 2005 legislature? I guess I'm done, Your Honor. One question before you leave the podium, Mr. McMillan. You referred us to a case at 910 Fed Second. Can you help me find it? Where is it in your red brief? I don't see it. It's not. This is a case that, did you file a 28-day letter on it? No, we didn't, Your Honor. Well, counsel, our rules require that if you're bringing additional authorities to our attention, you have to provide three copies, one each for the three members of the court, plus opposing counsel. So if you see our deputy clerk over here before you leave the room tonight or today, please take care of that for us. Very good. Thank you, Your Honor. Ms. Pancea, you have some reserve time. Yes, Your Honor. Speaking quickly of non-protonc, I don't remember them contesting this even in their brief at all. So even if they now provide a 28-day letter on the Gale Manufacturing case, Your Honor, they didn't bother to defend the non-protonc part of the district court's order. They just said, oh, 1825 didn't apply because their lien attached pre-receivership. They didn't say, oh, it could be lifted non-protonc. All right. Thank you, counsel. Now, go to the specific question that you're obviously in direct contradiction with each other. Counsel says that the lien attaches from the very beginning of the work. You say, no, it does not attach. Help us figure that out. Your Honor, there is nothing in Nevada law to say it attaches on commencement of work. Except the statute. The statute says a lien. I just read the statute to you earlier. A lien is on the property when the work starts, in effect. Yes. That statute tells you on what the lien would be. Subject to claimant has a lien upon the property. That's what the statute says. It doesn't use the word attachment. But it never says on commencement of work. It just says it has a lien on the property and it's for this amount. It doesn't say on commencement of work. That's the commencement of work is just for when a lien has attached and it's perfected. Then it relates back to the commencement of work. It doesn't mean that you have it before that. But I would suggest, I wanted to answer quickly the proposition that under FIREA in Section D11, they have a secured status even if it's not perfected or enforceable and that we should treat them as a secured creditor. Well, FIREA, we know from Section D8, only recognizes security interests that are quote, valid and enforceable or perfected. Here they admit that their security interest is not enforceable because Section 239 says in order to enforce your security interest, you need a notice of lien, which they don't have. So under FIREA, and also Section E12 of FIREA, which was not cited in the briefs, but it's 1821E12, also says the same thing, that FDIC shall not do anything to harm security interests that are valid or enforceable or perfected. So Congress was clearly concerned with giving secured status over other creditors to only those creditors who have a valid and enforceable lien, not the creditors who don't have an enforceable lien. I mean, to say that they have a lien on the date of their receivership would mean to say that they cannot, we know on their show field, they cannot claim any of the benefits of a lien because it's unperfected, but we still call it a lien. Well, something that doesn't have any of the benefits of a lien cannot be called a lien. We also know that they cannot impose a charge on the property. There's no encumbrance on the property because they cannot foreclose on their own, nor can they obtain money should another creditor try to foreclose. And now going back quickly to a point we discussed earlier about whether here there's a priority dispute between creditors, well, yes, FDIC is not a bank. FDIC is representing all the other creditors, and it has to distribute money to the creditors. So treating some creditors preferentially over the others by allowing, based on both receivership acts, would not be fair to the other creditors. Roberts. Counsel, just to be sure I understand your argument correctly, you referred us to 1821e12. Is that correct? Yes, and it is in our. And that, I'm looking at that section. If I'm looking at the correct section, it says suspension of legal actions. Is that the one? No. I would quote it to you very quickly. I have it. It says, certain security interests not avoidable. Okay. But I'm just trying to find it in the statute. I have 1821 and then there's 1821a. It's 1821e12, and it might have changed. It might have been e11 before, but the correct provision now is e12. All right. Deposit or preference? e12, not d12. Is it titled certain security interests not avoidable? Yes. Okay. No provision of this subsection shall be construed as permitting the avoidance of any legally enforceable or protected security interests. Okay. It just confirms that Congress was looking at enforceable interests, and here they do not have an enforceable interest, as everyone agrees. All right. Counsel, if we thought that there was an ambiguity in the Nevada statute or at least confusion in our own minds, is there does the FDIC have any objection to us certifying a question of the Nevada Supreme Court? No, Your Honor. However, we believe that Shofield already tells you how you have to answer that  Thank you for your time. Thank you, counsel. The case just argued will be submitted for decision, and the Court will adjourn.
judges: Hayes, O'scannlain, Bybee